**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JAMES JONES,                        :
                                    :   Civil Action No. 09-2374 (RMB)
        Petitioner,                 :
                                    :
        v.                          :   **OPINION**
                                    :
WARDEN OF F.C.I. FORT DIX,          :
                                    :
        Respondent.                 :

**APPEARANCES:**

Petitioner pro se
James Jones
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**BUMB**, District Judge

  Petitioner James Jones, a federal prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is the Warden at FCI Fort Dix.

Because it appears from a review of the Petition that Petitioner is not entitled to issuance of the writ, the Court will dismiss the Petition.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

Petitioner asserts that he was confined at the Northeast Ohio Correctional Center ("NEOCC"), a facility operated by Corrections Corporation of America in Youngstown, Ohio, from May through October 2006.[2]

Petitioner asserts that the conditions of confinement at NEOCC violated the Eighth Amendment proscription against cruel and unusual punishment.  As a result, Petitioner contends that he is entitled to a reduction in his sentence.  Petitioner asks this

---

[1] Section 2241 provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
> (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

[2] Petitioner does not identify the court or docket number of his criminal conviction.  A search for criminal dockets involving a "James Jones" in the federal courts' Public Access to Court Electronic Records system ("PACER") returns 409 party matches.  The U.S. Bureau of Prisons Inmate Locator website reflects that Petitioner's anticipated release date is December 28, 2017.

Court to order the Bureau of Prisons to credit him two days for every one day he spent confined at NEOCC.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

## III. ANALYSIS

Petitioner brings this application, for a reduction or credit with respect to his federal sentence, under 28 U.S.C. § 2241. "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (citations omitted). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir.), cert. denied, 429 U.S. 851 (1976) (finding jurisdiction where prisoner challenged erroneous computation of release date). See also Vega v. United States, 493 F.3d 310 (3d Cir. 2007) (finding jurisdiction where prisoner challenged BOP's failure to give credit for time served prior to federal sentence); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991) (finding jurisdiction where prisoner challenged BOP refusal to decide whether to designate state prison as a place of serving federal sentence); Soyka v. Allredge, 481 F.2d 303 (3d Cir. 1973) (finding jurisdiction where petitioner alleged a claim for credit for time served prior to federal sentencing).

Here, however, Petitioner does not allege that the Bureau of Prisons is not correctly calculating his sentence as imposed. Instead, he asks for a modification of his sentence based on the

conditions at NEOCC, a claim which is not cognizable in a § 2241 habeas petition.

A criminal sentence from a federal district court can be altered only under very limited circumstances.  A district court has authority to modify a valid sentence only if such authority is conferred by federal statute.  United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); United States Caterino, 29 F.3d 1390, 1394 (9th Cir. 1994); Morales v. United States, 353 F.Supp.2d 204, 205 (D.Mass. 2005).  See also United States v. Higgs, 504 F.3d 456, 464 (3d Cir. 2007) (a district court's jurisdiction to reconsider sentencing stems only from a statute or rule of criminal procedure).[3]

---

[3] The cases relied upon by Petitioner are inapposite, because all of those cases involved the sentencing court's consideration of conditions of confinement, before sentencing, to justify a downward departure from the sentencing guidelines at the time of sentencing.  See, e.g., United States v. Rodriguez, 214 F.Supp.2d 1239, 1240-41 (M.D. Ala. 2002) (sentencing court granted a downward departure after defendant had been sexually assaulted during pre-sentencing confinement); United States v. Francis, 129 F.Supp.2d 612, 619 (S.D.N.Y. 2001) (sentencing court granted downward departure after finding that defendant was subjected to harsh and substandard conditions during his pretrial and pre-sentencing confinement for an extended period of time); United States v. Bakeas, 987 F.Supp. 44, 46-50 (D.Mass. 1997) (sentencing court granted a downward departure because, as a non-citizen, defendant would have been confined to far more onerous conditions in a medium security institution than under the recommended sentence of 12 months in a minimum security facility).

Pursuant to the Sentencing Reform Act, a district court may not modify a sentence once it has been imposed, except that:

(1)   in any case -

   (A)   the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that --

      (i)   extraordinary and compelling reasons warrant such a reduction; or

      (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

   (B)   the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with

>  applicable policy statements issued by the Sentencing
>  Commission.

18 U.S.C. § 3582(c).  Under Rule 35 of the Federal Rules of Criminal Procedure, referenced in § 3582(c)(1)(B), a court may correct a clear error within seven days of sentencing, see Fed.R.Crim.P. 35(a), or may reduce a sentence upon the government's motion based on the inmate's substantial assistance, see Fed.R.Crim.P. 35(b).

The only provision that Petitioner's claim would appear to invoke is "extraordinary and compelling reasons," see 18 U.S.C. § 3582(c)(1)(A)(i).  However, it is well-settled that a district court can not grant a prisoner's request for modification of his sentence under this section if the Director of the BOP does not move for a reduction of sentence.  See United States v. Thomas, 570 F.Supp.2d 202, 203 (D.P.R. 2007).  See also United States v. Hudson, 44 Fed.Appx. 457, 458 n.2 (10th Cir. 2002); United States v. Tyler, 417 F.Supp.2d 80 (D.Me. 2006); Morales v. United States, 353 F.Supp.2d 204 (D.Mass. 2005); Porges v. Zickefoose, 2008 WL 4596640 at *2 (D.Conn. Oct. 15, 2008).

Moreover, the appropriate jurisdiction for such an application, should the Director of the BOP seek a modification, would be the district court that imposed sentence.  See Braswell

v. Gallegos, 82 Fed.Appx. 633, 635 & n.2 (10th Cir. 2003); Porges, 2008 WL 4596640 at *2.[4]

In addition, Petitioner admits that he has not exhausted his administrative remedies with respect to this request.[5]  Because

---

[4] Ordinarily, in dismissing a § 2241 Petition for lack of jurisdiction, this Court would consider whether the Petition should be transferred to a Court in which it could have been brought.  See 28 U.S.C. § 1631 (whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed").  Because Petitioner has not identified the court of conviction or the sentence at issue, this Court cannot determine the appropriate District Court for transfer.  In any event, however, as a § 3582(c) motion can provide grounds for sentence reduction only if brought by the Director of the BOP, it would not be in the interest of justice to transfer this deficient motion to the sentencing court.

[5] Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies.  See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals,

of the disposition of this matter, it is not necessary to determine whether exhaustion is required or should be excused as futile. Nevertheless, the Court notes that regulations adopted by the BOP to implement 18 U.S.C. § 3582(c)(1)(A) require an inmate (or a person acting on behalf of an inmate) to submit a request for such a motion to the Warden, and permit the inmate to submit such a request "only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." 28 C.F.R. § 571.61(a); see also BOP Program Statement 5050.46. Under these regulations, the BOP is not authorized to file a motion under § 3582(c)(1)(A) unless the inmate's request is approved by the Warden, the Regional Director, the General Counsel, and the Director of the BOP. See 28 C.F.R. § 571.62(a).

Thus, this Petition must be dismissed without prejudice for lack of jurisdiction. See Toledo v. Warden, Civil No. 08-3671, 2009 WL 2182597 (D.N.J. July 21, 2009); Gregory v. Grondolsky, Civil No. 09-0163, 2009 WL 2132430 (D.N.J. July 10, 2009). This

---

840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

9

Court expresses no opinion as to the merits of Petitioner's claim.

## IV.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed.  An appropriate order follows.

s/Renée Marie Bumb<br>
Renée Marie Bumb<br>
United States District Judge

Dated: August 7, 2009